2002-NMCA-017

40 P.3d 1009

**Cecilia SANCHEZ, individually, and Cecilia Sanchez, as parent and guardian of Justin Sanchez, a minor child, Plaintiff–Appellee,**

v.

**Paul KIRBY, Defendant–Appellant,**

and

**Infinity Insurance Company, Defendant.**

**No. 21,198.**

Court of Appeals of New Mexico.

Nov. 27, 2001.

David J. Berardinelli, Berardinelli & Associates, Santa Fe, NM, for Appellee.

Nathan H. Mann, Nancy Franchini, Gallagher, Casados & Mann, P.C., Albuquerque, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant Paul Kirby's motion for rehearing is denied. The opinion filed in this case is withdrawn and this opinion is substituted in its place.

{2} Plaintiff Cecilia Sanchez has filed two motions to dismiss Defendant Paul Kirby's appeal from a judgment against him for compensatory and punitive damages. The first asserts lack of jurisdiction; the second asserts the issues are moot. We grant the motion based on mootness and dismiss the appeal.

## BACKGROUND

{3} In January 1998 Cecilia Sanchez filed an amended complaint individually and as the parent of Justin Sanchez against Paul Kirby for damages arising from a September 1996 accident involving an automobile purportedly owned by Diane Dubiel, Kirby's wife. Sanchez alleged Kirby was negligent and driving while intoxicated in a reckless and wanton manner. She also included a direct action against Infinity Insurance Company (Infinity), Kirby's insurer, pursuant to the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, §§ 66–5–201 to –239 (1978, as amended through 2001).

{4} Attorney Nathan Mann filed an answer on behalf of Infinity. Sanchez, unable to serve Kirby personally, attempted service by publication and then sought a judgment

by default when Kirby did not answer. After a hearing on the default judgment motion, the district court in February 1999 determined Kirby was properly served by publication and allowed Kirby an extension of time to file an answer. Then, despite Kirby's apparent intentional, continued scarcity, Mann, as attorney for Infinity filed an answer for Kirby. In July 1999, still during Kirby's complete absence and total lack of communication with Mann and Infinity, Mann filed a motion seeking partial summary judgment on behalf of Infinity (against the interest of Kirby) on the grounds that Infinity owed no coverage for punitive damages. This motion was granted after trial and judgment by court order entered January 21, 2000.

{5} Mann presented no witnesses but did cross-examine those of Sanchez. In August 1999 the jury found the negligence of Kirby was a proximate cause of injuries and awarded damages of $30,219 to Sanchez and $2,426 to Justin Sanchez. The jury also awarded punitive damages of $150,000 to Sanchez. The total verdict was $182,645.

{6} After the jury verdict, Infinity paid its policy limits of $25,000 to Sanchez and $2,426 to Sanchez on behalf of Justin. A Partial Satisfaction of Judgment acknowledging these payments was filed in September 1999. In October 1999 attorney Mark Meiering entered his appearance for Infinity. The record does not reflect any withdrawal by Mann. In November 1999 Sanchez's attorney located Kirby at the Santa Fe County courthouse. The Santa Fe County Sheriff's Department served Kirby with copies of summons, complaint, and special verdict form filed in this case. Kirby assigned all his rights and claims against Mann and Infinity to Sanchez in exchange for a covenant by Sanchez not to execute the remainder of the judgment (that is, the excess of compensatory damages and the punitive damages not paid by Infinity) against him. Attached to that assignment was a copy of Kirby's New York driver license.

{7} On January 4, 2000, Sanchez filed a Notice of Settlement of All Claims Against Paul Kirby in which Sanchez stated that "Plaintiff[ ][has], for consideration received, reached a settlement with Defendant Paul Kirby disposing of all claims remaining in this case against him over and above the amounts voluntarily paid by Defendant Infinity Insurance Company, all as reflected by the Assignment and Settlement Agreement between the parties filed herein on November 30, 1999." On the same date, the district court entered judgment, incorporating the partial satisfaction of judgment, as follows: $180,219 to Sanchez, and $2,426 to Sanchez for Justin. No judgment was entered against Infinity. As to Infinity, the judgment read:

> [N]o judgment is entered against Defendant Infinity Insurance Company on the above verdicts by reason of the Partial Satisfaction of Judgment filed herein reflecting Infinity's payment of $25,000, the same being and representing Infinity's full liability coverage limits, in partial satisfaction of the verdict entered herein against Paul Kirby and in favor of Plaintiff Cecilia Sanchez, and its payment of $2,426 representing full payment of the verdict entered in favor of Plaintiff Cecilia Sanchez, as parent and guardian of Justin Sanchez. Such Partial Satisfaction of Judgment is incorporated herein by reference.

{8} Mann filed a Notice of Appeal on behalf of Kirby. The court, on Sanchez's motion, appointed attorney Paul Campos as Guardian ad Litem for Kirby to protect his interests with respect to the judgment entered against him in excess of the Infinity policy limits. Campos filed a Report of Guardian ad Litem concluding the November 1999 assignment from Kirby to Sanchez was in Kirby's best interests and recommending the district court appoint a Rule 11–706 expert "to guide the court on the issue of whether an appeal should be pursued on behalf of Mr. Kirby in light of the assignment and the prejudice that Mr. Kirby could suffer in the future." Campos explained in his report that he had been unable to speak with Kirby, but did speak with Kirby's wife, Diane Dubiel, and that he also had spoken with the attorney for Sanchez and with Mann. Campos also set out in his report the following question he posed to Mann: "In light of the assignment by Mr. Kirby, how

will the appeal benefit him? If the matter should be reversed and another trial held and another punitive judgment entered against Mr. Kirby, won't Mr. Kirby's interest be detrimentally affected?" On June 5, 2000, the district court entered an order accepting the report of the Guardian ad Litem.

## DISCUSSION

■ {9} Sanchez argues the issues on appeal are moot (1) because Infinity voluntarily paid its limits and has not appealed, and (2) based on the assignment, and on Sanchez's Notice of Settlement of All Claims Against Paul Kirby stating that she has "reached a settlement with ... Kirby disposing of all claims remaining in this case against him over and above the amounts voluntarily paid by ... Infinity." According to Sanchez, "Kirby compromised and settled all Plaintiff's remaining claims against him [over and above Infinity's prior policy limits payment] by executing an Assignment of all his claims arising out of the handling of his defense against Mann and Infinity in consideration for Plaintiff's covenant not to execute against him on the unsatisfied portion of the Judgment." Mann disagrees, arguing the documents and facts are not material on a motion to dismiss.

{10} Sanchez characterizes the events as an accord and satisfaction, a settlement, that moots the appeal. She contends "an insurer [cannot] prosecute an appeal in the name of its insured under the guise of performing its contractual duty to defend when the insurer has already paid its policy limits and the insured has settled his excess liability by an assignment of rights and a covenant not to execute." All viable issues, according to Sanchez, have been settled. Mann contends the appeal is not moot because there has been no satisfaction or release as to punitive damages, an appeal of the punitive damages award has not been contractually barred, and the appeal protects the interests of the insured.

{11} There is an eerie incompleteness and feel of ulterior motive about this case as it presents itself on appeal. The appellant is nominally Kirby, an absent and disinterested judgment debtor, who has no concern about having to respond to the judgment sought to be reversed, and little, if any, concern about having the judgment reversed. The appellee is Sanchez, who must defend against reversal of her judgment, and who obviously wants to preserve her assigned claim so she may pursue Mann and Infinity in a bad faith action.

{12} Two layers of lawyers represented the elusive Mr. Kirby. One is Mann, a lawyer selected and presumably paid by Infinity to protect Kirby's interests. Mann, purportedly speaking for Kirby, asserts he has chosen to protect Infinity's insured by filing and prosecuting this appeal, but he (along with Infinity) obviously has a primary purpose of reversing the judgment in order to lessen the impact of or to moot a bad faith action against him and Infinity. The other lawyer was a court-appointed guardian ad litem, Campos, whose job was to protect Kirby's interests. The lawyers disagree on the major issue of perpetuation of this appeal.

{13} Kirby surfaces only when it appears to be in his own best interest to do so. While surfaced, he signed an agreement pursuant to which he assigned "all my rights and causes of action of any kind which I may have against Infinity Insurance Company and Nathan Mann arising out of the defense of the claims against me ... in exchange for the covenant of Cecilia Sanchez, acknowledged below by her attorney David J. Berardinelli, not to execute on any judgment entered ... against me." In his report, Campos concluded it was his opinion "the assignment is in Mr. Kirby's best interest."

■ {14} The Infinity insurance contract does not contain language expressly giving Infinity the right to file an appeal on Kirby's behalf or otherwise control the litigation beyond the trial process. Nor does the policy expressly obligate Infinity to do so. The policy in fact says that Infinity "will not defend or settle after our limit of liability has been paid." Infinity paid the limits and obtained a satisfaction of that aspect of the judgment for which it was responsible. No judgment exists against Infinity. Infinity has not appealed. The general rule appears to be that an insurer has a fiduciary duty to file and prosecute an appeal, absent a policy

provision to the contrary, where there are reasonable grounds to believe substantial interests of the insured may be served or protected thereby. *See, e.g., Truck Ins. Exch. of Farmers Ins. Group v. Century Indem. Co.*, 76 Wash.App. 527, 887 P.2d 455, 459 (1995).

{15} Yet, here, Kirby has not surfaced to contend he has a financial risk. He appears to have little, if any such risk. He must pay no money under the judgment. We have no evidence of any concern (*e.g.*, lien on real estate, credit problems) on his part about the judgment remaining of record. He has expressed no interest in this appeal. Mann nevertheless is continuing with the appeal contending that the continued representation on appeal is for Kirby's benefit. Arguably it would be in Kirby's interest to get the punitive damages and excess compensatory damages reversed in order to deflect any attempt to create a lien on real estate or to reverse clouded credit. Mann, presumably paid by Infinity, has protected Kirby's right to appeal.

{16} Other than to protect Kirby, we see no reason for this appeal to continue. However, based on Kirby's conduct and, if not knowledge of, then ability to know what is happening, based on his inaction and silence in this appeal and the action below, and based on his apparent indifference and lack of cooperation with Infinity, it is apparent that Kirby is not interested in having Mann or Infinity protect his rights. Mann and Infinity are keeping the appeal alive under the pretense of continuing to protect Kirby. We relieve Mann and Infinity of that burden. This appeal is dismissed as moot.

{17} The motion for rehearing implicitly expresses concern that this opinion may somehow preclude an adjudication of the validity of Kirby's assignment. Nothing in this opinion is intended in any way or to be construed to preclude an adjudication of the validity of Kirby's assignment in the separate litigation between Sanchez and Infinity and Mann. *See Paul Kirby, and through Cecilia Sanchez, as assignee v. Infinity Ins. Co. and Nathan Mann,* No. 00101–CV–2000–0121

(First Judicial District Court, State of New Mexico).

{18} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Judge, and CYNTHIA A. FRY, Judge.